In re Dennis LOHMEIER, Debtor.

Dennis A. Lohmeier, Plaintiff,

v.

Daniel C. Himmelspach, Defendant.

Daniel C. Himmelspach,
Defendant/Counter–
Plaintiff,

v.

Dennis A. Lohmeier, Plaintiff/Counter–
Defendant.

Daniel C. Himmelspach, Defen-
dant/Counter–Plaintiff/Third–
Party Plaintiff,

v.

George E. Jacobs, Third–
Party Defendant.

Bankruptcy No. 00–22251.
Adversary No. 02–2122.

United States Bankruptcy Court,
E.D. Michigan,
Northern Division.

Jan. 5, 2004.

Dennis A. Lohmeier, Beaverton, MI, Pro se.

Rozanne M. Giunta, George E. Jacobs, Bay City, MI, for Daniel C. Himmelspach, trustee.

## OPINION DENYING RIGHT TO JURY TRIAL

WALTER SHAPERO, Bankruptcy Judge.

Plaintiff filed his complaint on December 13, 2002, including with it a demand for a jury trial. Service was effected on December 22, 2002. On January 8, 2003, the parties stipulated to an extension to January 31, 2003, to file an answer. On January 31, 2003, Defendant filed his answer, affirmative defenses, counter-claim, and an objection to the jury trial demand, which were amended on February 7, 2003. On the latter date, Defendant also filed a Third–Party Complaint against George Jacobs, who had been the attorney for Defendant Trustee. The Amended Complaint essentially alleges that prior to filing his Chapter 13 bankruptcy petition, Plaintiff owned a land contract vendee's interest in realty which was the subject of then pending summary foreclosure proceedings in state court; that the bankruptcy filing stayed further proceedings in the state court, which at that time were at a stage where Plaintiff still had some redemption rights; that the Chapter 13 case was later converted to a Chapter 7 proceeding in which Defendant was appointed Trustee; that within the applicable statutory period within which the trustee could have acted to either redeem and/or by sale or other action to preserve the value of the property, the Trustee failed to do so; that when the land contract vendor creditor sought relief from the stay, the Trustee failed to oppose or appropriately deal with it; that as a result, the estate (and potentially Plaintiff) lost its interest in the property-

an interest which Plaintiff alleges had some value to the estate and/or Plaintiff; and the said actions, and failure of the Defendant Trustee to protect, preserve or realize upon that claimed interest, were negligent and otherwise constituted breaches of his statutory and common law fiduciary duties. The relief sought by the Plaintiff is money damages which, it appears from the Complaint, should be payable to the Plaintiff.

On March 21, 2003, Plaintiff moved to strike Defendant's objection to Plaintiff's jury trial demand, alleging non-compliance with L.B.R. 9015–1 (E.D.M.), various procedural defects, as well as contesting Plaintiff's right to a jury trial in any event, issues of timeliness as to Plaintiff's request for a jury trial, and where (i.e., the Bankruptcy Court or the District Court), a jury trial should be held. As to any timeliness issues, it would appear they have either been resolved by agreement, or by previous rulings of this Court (hereby reiterated) in favor of Plaintiff. As to which court will hold a jury trial if there is to be one, it appears the parties have now agreed it will be held in the Bankruptcy Court. The remaining issue is therefore whether Plaintiff is entitled to a jury trial at all.

The parties agree this is a "core" matter. Plaintiff argues that since his claim against the trustee is by its very nature a "core" proceeding under 28 U.S.C. § 157(b)(2), and, since the Bankruptcy Court therefore "may fully adjudicate the rights of the parties" (Plaintiff's Memorandum, page 2) and enter a final judgment, Plaintiff is thereby, and without more, entitled to a jury trial. Put differently, Plaintiff's argument is that if a matter is "core", it perforce entitles Plaintiff to a jury trial. Defendant argues that not to be the case, saying that under the analysis

required by *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), there can be "core" matters as to which there is no right to a jury trial-and this proceeding presents one of them.

■ Contrary to Plaintiff's view, coreness is not fully determinative of the right to a jury trial. Indeed, as one court has said, it is "entitled to minimal weight in reaching our ultimate decision on the jury trial issue." *Germain v. Connecticut Nat'l Bank*, 988 F.2d 1323, 1327 (2d Cir.1993).

■ As *Germain* and *Granfinanciera* further make clear, what is involved is the Seventh Amendment right to jury trial, the tests for which basically are "first whether the action would have been deemed legal or equitable in 18th century England, and second whether the remedy sought is legal or equitable in nature." *Germain*, 988 F.2d at 1328 (citing *Granfinanciera*, 492 U.S. at 42, 109 S.Ct. 2782); with the latter being stated in *Granfinanciera* to be more important than the former. Possibly further involved, if the analysis gets that far, is a vindication of a so-called "public rights theory," which if found applicable, militates against, or provides an exception to, what might otherwise be found to be a right to a jury trial.

■ The determinative concepts were quoted and referred to in the case of *In re Hutchinson*, 5 F.3d 750 (4th Cir.1993)-a case in which both a Chapter 7 debtor and a mortgagee brought an adversary proceeding against the case trustee alleging negligence in failing to expeditiously conduct a private sale of the debtor's mortgaged assets. In affirming in part and remanding in part the lower court's judgment in favor of the trustee, the *Hutchinson* Court had occasion to deal with the Plaintiff's claim of entitlement to a jury trial. On that point, that court concluded:

Although many of the duties of a bankruptcy trustee are statutory, the basis for trustee liability is not. The basis for holding bankruptcy trustees liable is the equitable power of courts to enforce fiduciary duties. Notwithstanding the superficial resemblance of Appellants' claim to an action for common law negligence, their claim is fundamentally equitable in nature, comparable to an action for breach of trust seeking to compel the trustee to redress the breach. At common law, "such actions were within the exclusive jurisdiction of courts of equity." Because Appellants' claim for breach of fiduciary duty is equitable in nature, it follows that they were not entitled to a jury trial.

*Hutchinson*, 5 F.3d at 757 (citations omitted). A further reference is the extensive analysis of the issue in the case of *In re Carter Paper Co., Inc.*, 220 B.R. 276 (Bankr.M.D.La.1998), where the court stated: "The vast majority of Courts to rule on the issue has held that breach of fiduciary actions are equitable actions," *Id.* at 303 (citing many cases). The *Carter* Court decided to grant a motion to strike a jury trial request in connection with a complaint against a Chapter 7 case trustee alleging breach of duty in failing to pursue or abandon a cause of action. Other authorities attest generally to the equitable nature of actions seeking to enforce betrayal or breach of duty obligations. *See* 27A Am.Jur.2d *Equity* § 6 (2003); 30 C.J.S. *Equity* § 59 (2003).

Defendant in part supports its position by noting the duties alleged to have been breached are those articulated in the Bankruptcy Code itself. While such an argument may have some weight in deciding whether or not a matter is core (and quite aside from the fact that Plaintiff does not limit his cause of action to breach of Bankruptcy Code statutory duties but as-

**338**

serts common law duties as well), it does not assist where, as here, it is agreed the matter is core. Logically, and in any event, the source of duty, whether common law or statutory (bankruptcy, or otherwise), should not be determinative of the result. Rather, the result should turn on whether or not the claimed breach of fiduciary duty is so predominantly equitable in nature as to preclude a right to its disposition by a jury in the bankruptcy setting.

As to the second prong of the required analysis, one could argue that since the remedy sought is damages, in light of the maxim that equitable jurisdiction does not apply where there is an adequate remedy at law, i.e., damages, the test is not here fully met. That argument does not, however, withstand the test of more persuasive analyses. In a case such as this, for example, it is not really possible to now undo the foreclosure proceedings and reacquire the property back for the estate and essentially put the parties back where they were before the stay was lifted-thus permitting the trustee to deal with the property in the way the Plaintiff argues he should have. The damage remedy sought, in a real sense, is thus the only possible alternative to now unavailable relief which under any definition would have been equitable in nature, i.e., reconveyance and return of the subject property. It needs no citation of authority that courts exercising equitable jurisdiction as such have always been able to act in such situations, and act as a court of equity, by affording alternative relief in the form of damages.

To say much more would be to here repeat what others have ably stated. This Court allies itself and agrees with the reasoning and analysis in the quoted *Hutchinson* and *Carter Paper Co.* cases and other authorities therein cited, and concludes that Plaintiff is not entitled to a jury trial. Having so concluded, it will not be neces-

sary to analyze the application of the so-called "public rights theory," which, if decided in Defendant's favor, would be another reason to deny Plaintiff's request for a jury trial. The Cross–Complaint by Defendant against Plaintiff Debtor alleges breach of a debtor's statutory duties, and the Third–Party Complaint by the Defendant Trustee against his attorney smacks of breaches of fiduciary type duties owed. While it is not at all clear that either Defendant/Third–Party Plaintiff and Third–Party Defendant have even requested a jury trial as to their issues (and it is thus not decided here), if they have or are, it would appear that the analysis applied to Plaintiff's request for a jury trial may well be equally applicable to their causes of action and pleadings.

Defendant shall present an appropriate order.